IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS STEWART, Register No. 182472, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4168-CV-C-NKL |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Curtis Stewart, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On September 18, 2006, defendants Dormire, Woods, and Griffin filed a motion to dismiss, stating plaintiff has failed to exhaust his administrative remedies and his complaint fails to state a claim against them. Plaintiff has filed a response, in conjunction with a motion for judgment on the pleadings. Defendants have filed a reply.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to

a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

A review of the documents submitted with plaintiff's original complaint and in response to defendants' motion to dismiss regarding exhaustion indicates plaintiff did not exhaust his administrative remedies against defendants Dormire, Woods and Griffin.

Exhibit A, submitted with plaintiff's complaint, is a letter from Arthur Wood, dated October 12, 2005, which advises plaintiff that his recent letter regarding medical services was forwarded to Correctional Medical Services (CMS) for action. On December 13, 2005, plaintiff received a response from CMS, which provided that his medical needs were being met. On January 18, 2006, plaintiff filed an Internal Resolution Request (IRR),requesting "proper" treatment for his medical condition of Hepatitis C. This IRR form was number 06-217. A response was provided to plaintiff on March 12, 2006, from the Health Services Administrator (CMS), which provided that plaintiff was being seen at the chronic care clinic for his hepatitis and thus, his IRR was denied. Plaintiff's documents indicate he subsequently sought to appeal IRR 06-217 and other grievances relating to apparent conduct violations, without the required grievance form, but on a handwritten form.

IRR 06-217, whether exhausted, as plaintiff alleges, or not, would not exhaust claims against defendants Dormire, Woods and Griffin, all Missouri Department of Corrections (MDOC) supervisors. IRR 06-217 specifically stated plaintiff wanted proper treatment for his Hepatitis C; specifically, that he needed to be seen by a specialist to have a "liver biopsy" performed. The IRR response to plaintiff's medical complaint was logically received from CMS. Plaintiff's handwritten grievance form and grievance appeal that he alleges he filed addresses only this specific IRR, No. 06-217, and other unrelated IRR's dealing with apparent conduct violations. There is no evidence plaintiff exhausted claims of denial of medical care

2

from MDOC employees Dormire, Wood and Griffin, who were not medical personnel. Plaintiff's claims against these defendants should be dismissed, and plaintiff's motion for declaratory judgment against these defendants should be denied.

On November 27, 2007, plaintiff filed a motion for a temporary restraining order, seeking to be seen by a specialist and stating that policy does not allow him to be seen by an outside medical specialist unless his medical condition becomes advanced or life-threatening. Plaintiff alleges he is suffering extreme pain, fatigue, nausea, and other symptoms as a result of his Hepatitis C, and that he believes his condition is advanced and life-threatening.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

3

In response to plaintiff's preliminary injunctive motion seeking to see a medical specialist outside the prison, defendants state that plaintiff, by his own admission, currently sees medical staff and receives medical treatment for his condition. Defendants argue that plaintiff's contention that his treatment is insufficient does not constitute irreparable harm warranting preliminary injunctive relief. Defendants further argue that prison policy requires that medical staff make determinations regarding inmate treatment and that inmates may not dictate which doctors they would like to see or which course of treatment they would like to pursue. Defendants argue there is no basis for granting plaintiff special treatment as compared to the many other inmates. Defendants further argue it is very unlikely plaintiff will succeed on the merits of his claim. Defendants cite to the Eighth Circuit case which holds that a prisoner does not have a constitutional right to any particular type of treatment, and there is no violation of a prisoner's rights by refusing to implement a prisoner's requested course of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Further, a mere difference in opinion between plaintiff and his physician regarding what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991).

Upon review, plaintiff's motion for preliminary injunctive relief should be denied because plaintiff concedes he is receiving medical treatment for his condition, and is merely seeking an outside specialist because he disagrees with his course of treatment. The court finds no threat of irreparable harm to plaintiff and that plaintiff is unlikely to succeed on the merits.

On January 5, 2007, plaintiff filed a motion for discovery. Plaintiff does not need to file his discovery requests with this court. He should send discovery requests to defense counsel. Plaintiff should file with the court only a certificate of service indicating discovery requests were sent to counsel. If defendants do not respond timely to discovery requests, or if there are discovery disputes that the parties cannot work out, plaintiff may file a motion to compel discovery. That motion should state what information is requested, what efforts plaintiff has made to obtain the discovery without court intervention, and the relevance of the information.

On February 23, 2007, plaintiff filed a motion seeking an extension of time to return completed summons forms, citing his indigence and inability to return the forms to the court. Defendants do not oppose the request.

IT IS, THEREFORE, ORDERED that plaintiff is granted an extension of time until March 31, 2007, to return the completed summons and service forms. [37]  It is further

ORDERED that plaintiff's motion for discovery is denied, without prejudice. [26]  It is further

RECOMMENDED that plaintiff's motion to show cause and for preliminary injunctive relief be denied. [19]  It is further

RECOMMENDED that the motion of defendants Dormire, Woods and Griffin to dismiss be granted, and plaintiff' claims against these defendants be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies. [9]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 15th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge