IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CURTIS STEWART, Register No. 182472,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　　) 　No. 06-4168-CV-C-NKL
　　　　　　　　　　　　　　　　　　　　)
CORRECTIONAL MEDICAL SERVICES,　　　　 )
et al.,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　)

## ORDER

On October 10, 2008, plaintiff filed a motion to quash his August 20, 2008 motion to dismiss his case, without prejudice. Plaintiff's motion to dismiss has already been granted, and an order was entered dismissing his case, without prejudice, on October 8, 2008. Therefore, liberally construing plaintiff's pro se motion to quash, it will be treated as a Rule 60(b) motion for reconsideration from this court's October 10, 2008 order of dismissal.[1]

Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Reyher v. Champion, 975 F.2d 483, 488 (8th Cir. 1992) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). Exceptional circumstances as set forth by Rule l60(b) include mistakes, inadvertence, surprise, excusable neglect; newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; fraud, misrepresentation, or misconduct of an adverse party; the judgment is void; the judgment has been satisfied; or any other reason justifying relief from operation of the judgment.

Upon review, plaintiff's motion to quash fails to set forth any of the exceptional circumstances set forth in Rule 60(b). As set forth in defendants' suggestions in opposition,

---

[1] Plaintiff's motion cannot be construed as one under Fed. R. Civ. P. 59(e) because no appealable judgment has been entered. Rule 60(b), however, allows for a motion for relief from the final order that was entered in this case.

plaintiff filed his motion to dismiss voluntarily and was not otherwise prompted to do so as there were no pending deadlines in this case. Further, the discs that plaintiff complains were confiscated contain the brief of Appellee Raymond Bloomquist, and plaintiff received a hard copy of this brief, and therefore, was not prejudiced. Plaintiff's allegation that he has had insufficient postage and stamps is not supported by his ability to make numerous filings in this case. Plaintiff's inability to retain counsel to prosecute his claims fails to provide a basis for this court to issue relief under Rule 60(b). Further, the court notes that because plaintiff's claims are dismissed, without prejudice, he may refile his claims as a new complaint.[2]

IT IS, THEREFORE, ORDERED that plaintiff's motion to quash, treated as one under Fed. R. Civ. P. 60(b) for reconsideration of this court's October 8, 2008 order of dismissal is denied. [92]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: December 12, 2008
Jefferson City, Missouri

---

[2] If plaintiff files a new complaint and is granted leave to proceed in forma pauperis, he will be required to pay the full filing fee of $350.00, in monthly installments, for his new civil rights case. See 28 U.S.C. § 1915(e)(2) and In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (under PLRA, prisoners are responsible for filing fees the moment a civil action is filed.)